**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MEDTRONIC, INC., a Minnesota Corporation; and MEDTRONIC USA, INC., a Minnesota Corporation,**

Plaintiffs,

v.

**GUIDANT CORP., an Indiana Corporation; CARDIAC PACEMAKERS, INC., a Minnesota Corporation; and GUIDANT SALES CORP., INC.,**

Defendants.

Civil File No. 00-1473 (MJD/JGL)

**ORDER**

---

**CARDIAC PACEMAKERS, INC.; and GUIDANT SALES CORP.,**

Counter Plaintiffs,

v.

**MEDTRONIC, INC.,**

Counterclaim Defendant.

Civil File No. 00-2503 (MJD/JGL)

---

APPEARANCES

Andrew Horstman, Esq., and Niall A. Macleod, Esq., on behalf of Medtronic, Inc.

Stephen Sherry, Esq., and James W. Poradek, Esq., on behalf of Cardiac Pacemakers, Inc. and Guidant Corp.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on May 8, 2003

FILED MAY 0 9 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Guidant/CPI's Motion to Amend Pretrial Order (Doc. No. 111 in Case 00-CV-1473 and Doc. No. 74 in Case 00-CV-2503). The cases have been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

These motions arise out of a patent infringement dispute. The facts of the cases have been described in other orders of this Court and will not be recited here. Medtronic and Cardiac Pacemakers, Inc./Guidant ("CPI") are currently before the Court on CPI's motion to amend the pretrial scheduling order.

## II. DISCUSSION

The current pretrial scheduling order ("PTO") in this case allows each Party to serve seventy-five document requests, and to conduct seventy-five hours of depositions. CPI seeks modification of the PTO to allow for the following discovery: (1) seventy-five additional document requests per Party, (2) seventy-five additional deposition hours per Party, and (3) additional depositions of trial witnesses not disclosed as such during the discovery period. CPI argues that this additional discovery is necessary because the case has grown and changed since the original PTO was issued. CPI also avers that it should be allowed additional discovery to explore Medtronic's "advice of counsel" defense, should Medtronic elect to assert one. Medtronic responds

that the case has not changed since the Parties last stipulated to an amended PTO, and therefore CPI has not demonstrated that good cause exists for CPI's proposed modification.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Bradford v. Dana Corp., 249 F.3d 897, 809 (8th Cir. 2001); Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 583 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the movant, not whether the non-movant will be prejudiced. See Luigino's Inc. v. Perzrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998). A request for leave to take more depositions and serve more interrogatories than allowed in a PTO must be supported by a particularized showing of why the additional discovery is necessary. See Archer Daniels Midland, 187 F.R.D. at 586 (citing Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996)).

**A. CPI's Request for Additional Depositions and Document Requests**

The Court finds that CPI has not demonstrated good cause for amending the PTO. It is undisputed that in August 2001 the Parties were aware that the case involved the nine patents currently at issue. It is of no consequence that these patents were not all at issue at the time the original

PTO was issued. CPI had the opportunity to address this issue in August 2001 when the Parties were discussing their stipulated PTO modifications.

CPI is correct when it states that this is a complex case. However, that does not mean that limits can be ignored. See Archer Daniels Midland, 187 F.R.D. at 582 (citation omitted). CPI has not yet exhausted all its document requests or depositions. CPI still has time to formulate an appropriately focused discovery plan which will allow it to remain within the limits set by the PTO. The Court finds it compelling that Medtronic is apparently having no difficulty working within the guidelines originally agreed to by the Parties. The Court is therefore convinced that with a focused approach, CPI can conduct effective discovery and still comply with the PTO.

To the extent that CPI is relying on the fact that Medtronic did not produce its claim charts until after the August 2001 PTO modification, the Court is not convinced that this constitutes good cause for modifying the PTO again. The August 2001 modification specifically provided that claim charts would be filed in the future. (Doc. No. 34 in Case No. 00-1473 ¶¶ 2-4.) Thus, CPI knew it would be receiving additional highly relevant information, and should have planned its discovery accordingly. This part of CPI's motion is denied.

**B. CPI's Request for Depositions of Trial Witnesses Not Disclosed as Such During the Discovery Period**

CPI requests the opportunity to conduct three and one-half hour depositions of trial witnesses who were either not previously deposed, or who were deposed as 30(b)(6) witnesses, but are expected to testify regarding other topics. Medtronic argues that these depositions are unnecessary because CPI already knows who the witnesses are in this case, and because, contrary to CPI's assertion, Medtronic is not planning to call "surprise witnesses."

The Court agrees with Medtronic. CPI has not made a particularized showing of why these depositions are necessary. See Archer Daniels Midland, 187 F.R.D. at 586. The Court is not persuaded that after three years of litigation, CPI is wholly unaware of the principal players in this case such that it will be surprised on the eve of trial. Moreover, since witness lists must be submitted sixty days before trial, witnesses cannot fairly be called "surprises." CPI is currently faced with the same challenges that face every party in every civil case in the federal courts: planning wise use of its discovery tools. The fact that CPI is currently facing the problem of how best to use its remaining deposition hours is simply not good cause for modifying the PTO. This part of CPI's motion is denied.

**3. Discovery Related to "Advice of Counsel" Defense**

On July 25, 2002, this Court ordered that any Party asserting an "advice of counsel" defense must do so within forty-five days of the trial court's

claim construction rulings. (Order, July 25, 2002 at 7.) This Order was the result of CPI's motion seeking to require Medtronic to assert an advice of counsel defense immediately. An advice of counsel defense eviscerates the attorney-client privilege as it pertains to the subject of the defense. The Court declined to order immediate election because premature election could result in a broader waiver of the privilege than required. (Id.)

CPI now argues that the current discovery limitations should not apply to discovery related to advice of counsel defenses. Medtronic responds that CPI should not be given additional discovery tools to investigate one defense, when Medtronic is not being given additional tools to investigate CPI's claims and defenses.

As the Court stated at the motion hearing, the July 25, 2002 Order did not address the subject of discovery tools. The Order only addressed the subject of additional discovery time, should CPI find itself running afoul of the discovery deadline. (Id. at 6.) At the hearing on that motion, Medtronic indicated that it was willing to submit to late discovery on this issue. Although the Court finds this discussion a bit premature, Medtronic not having to elect this defense for at least five months, the Parties seem to crave certainty on this issue. Accordingly, the Court will rule at this time.

CPI may not serve additional document requests or interrogatories related to Medtronic's advice of counsel defense. Medtronic is correct when it

characterizes this defense as simply another claim in the pleadings, which does not require special treatment, except for the timing of disclosure of the defense. Moreover, the Court's July 25, 2002 Order requires Medtronic to provide documents related to the defense at the time it asserts the defense. (Id. at 7.) In addition, should Medtronic choose not to assert an advice of counsel defense, the PTO provides ample time after that election for CPI to "use up" its discovery tools in other ways.

Notwithstanding the above, the Court will allow each Party seven hours of deposition time related to the opposing Party's advice of counsel defenses.[1] The Party may conduct one deposition or split the time into several shorter depositions. These depositions are not part of the seventy-five hours currently provided for in the PTO. The Parties are cautioned that if these depositions do go forward, they must be specifically limited to the advice of counsel issue. Counsel may not use this narrow modification to expand the already generous discovery schedule in this case.

The advice of counsel defense is a particularly delicate thing to inject into a lawsuit. The Court treats it differently for purposes of election of the defense, and it follows that it should be treated differently for deposition

[1]The Court notes that this entire discussion is proceeding in the context of Medtronic's eventual election of an advice of counsel defense. It must be noted that CPI also has the option to assert that defense forty-five days after the trial court's claim construction ruling, if it deems it appropriate.

purposes. Although the Court agrees that a party's failure to use its discovery tools wisely is not good cause to amend the PTO, a party's failure to save deposition time for this defense is not the same thing. Since there is no guarantee that Medtronic will even assert this defense, CPI is truly at a disadvantage when it comes to planning its depositions. The Court protected Medtronic's attorney-client privilege by allowing Medtronic to make late election of this defense. Should Medtronic elect to assert this defense, it must be prepared to allow for this limited additional discovery on the issue. Thus, this part of CPI's motion is granted as to seven hours of deposition time for the opposing Party on the topic of advice of counsel defenses.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Guidant/CPI's Motion to Amend Pretrial Order (Doc. No. 111 in Case 00-CV-1473 and Doc. No. 74 in Case 00-CV-2503) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order; and

(2) In the event either Party asserts an "advice of counsel" defense, the opposing party will be allowed seven hours of deposition time related to that defense.

Dated: May 9, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge